UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RANDOLPH DALEY,** ) | CASE NO. 1:15-cv-02638-DAP |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **CITY OF CLEVELAND, et al.,** ) | |
| ) | |
| Defendants. ) | |

Before the Court is Defendants' Motion to Dismiss, Doc #: 4. For the reasons discussed below, the Motion is granted in part and the above-captioned case is dismissed.

**I. Background**

**A. Factual Allegations**

Plaintiff Randolph Daley is a Police Officer in the employ of Defendant City of Cleveland (the "City"), has been so employed since 1988, and currently holds the police rank of sergeant. Compl. ¶¶ 3, 4, 10, 11, Doc #: 1. Defendants Director of Public Safety Martin Flask, Chief of Police Michael McGrath, and several unidentified Doe defendants also are (or were at all relevant times) employees of the City. Compl. ¶¶ 5–8.

In the City of Cleveland Police Department ("the Police Department"), lieutenant is the next rank above sergeant, and lieutenants receive more pay and benefits than sergeants. Compl. ¶¶ 12, 13, 39. Eligibility for promotion from sergeant to lieutenant is based on the Lieutenant's Civil Service Examination (the "Exam"). Compl. ¶ 14. Prior to May 23, 2013, when a lieutenant position became available, the practice of the Police Department was to promote the sergeant with the highest score on the Exam. Compl. ¶¶ 15, 16, 26.

On July 23, 2011, the Exam was offered to individuals interested in promotion to lieutenant, the results were certified on January 13, 2012, and the scores were to be used for selecting candidates for promotion through January 13, 2014. Compl. ¶ 17–19. Daley sat for this July 2011 administration of the Exam and scored tenth out of fifty individuals who took the Exam. Compl. ¶ 17.

On March 2, 2012, the individuals who scored first, second, third, and fourth on the July 2011 administration of the Exam were promoted to lieutenant. Compl. ¶ 20. On March 29, 2012, Daley received a letter informing him he was eligible for promotion and asking if he wished to be considered for promotion; Daley replied affirmatively. Compl. ¶¶ 20, 21. On March 21, 2013, the individuals who scored fifth and sixth were promoted. Compl. ¶ 23.

On April 25, 2013, Daley received another letter from Flask indicating promotion eligibility, and, again, Daley responded affirmatively. Compl. ¶¶ 24, 25.

On May 23, 2013, Flask sent a letter to the president of Daley's bargaining unit stating that effective June 3, 2013, "notwithstanding past practice . . . I will exercise the one-in-three rule when determining the most qualified candidate for a vacancy." Compl. ¶ 26 (alteration in original).

On July 29, 2013, Daley received a third letter from Flask indicating promotion eligibility, and, again, Daley responded affirmatively. Compl. ¶¶ 27, 28. On August 26, 2013, the individual who scored seventh was passed over and the individual who scored eighth was instead promoted to lieutenant. Compl. ¶ 29. On October 7, 2013, Daley received a fourth letter from Flask indicating promotion eligibility, and, again, Daley responded affirmatively. Compl. ¶¶ 30, 31. On November 4, 2013, the individuals who scored ninth and eleventh were promoted, passing over Daley who had scored tenth. Compl. ¶ 32.

On November 15, 2013, Daley received a final letter from Flask indicating promotion eligibility, and, again, Daley responded affirmatively. Compl. ¶¶ 33, 34. On December 20, 2013, the individuals who had scored thirteenth, fourteenth, and fifteenths were promoted (the individual who scored twelfth had not been passed over but rather had previously left the employ of the Police Department). Compl. ¶ 35, 7 n.1.

Subsequently, Daley's name was removed from the list of individuals eligible for promotion to lieutenant. Compl. ¶ 38.

**B. Procedural Posture**

Daley filed this lawsuit in this Court on December 18, 2015. Doc #: 1. In the Complaint, Daley alleges a single claim for violation of his procedural due process rights.

On February 10, 2016, Defendants City of Cleveland, Martin Flask, Michael McGrath ("Defendants") filed the instant Motion to Dismiss, pursuant to Fed R. Civ. P. 12(b)(6). Doc #: 4. The matter is fully briefed.

//

//

## II. Legal Standard

Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must allege sufficient facts to compose "a short and plain statement of the claim showing that the pleader is entitled to relief." In evaluating a Rule 12(b)(6) motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiff and accept the complaint's allegations as true, drawing all reasonable inferences in favor of the plaintiff. *Crugher v. Prelesnik*, 761 F.3d 610, 613 (6th Cir. 2014). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the plausibility requirement is not a heightened or "probability" pleading requirement, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* Dismissal with prejudice is inappropriate where "a more carefully drafted complaint might state a claim." *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003).

## III. Discussion

Daley has made a single claim for violation of his procedural due process rights. The Sixth Circuit Court of Appeals has described three elements needed to establish a violation of procedural due process:

> Procedural due process protects those life, liberty, or property interests that fall within the Due Process Clause of the Fourteenth Amendment. Property interests are created and their dimensions are defined by existing rules or

> understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. Liberty interests include the right of the individual to contract, to engage in any of the common occupations of life . . . and generally to enjoy those privileges long recognized . . . as essential to the ordinary pursuit of happiness by free men. In order to establish a procedural due process claim, a plaintiff must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest.

*Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006) (alteration in original) (internal quotations and citations omitted).

### A. Daley Alleges Deprivation of a Property Interest

The parties do not dispute that Daley was deprived of an interest—that he was in fact passed over for promotion—however they dispute whether this interest rises to the level of a "life, liberty, or property interest protected by the Due Process Clause." *Id.* Daley has alleged such an interest.

The Sixth Circuit Court of Appeals has engaged in a discussion of this question in a highly analogous case, *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233 (6th Cir. 1991). In that case,

> Joseph Paskvan [was] a police officer employed by the City of Cleveland (the City). In June 1987, he passed an exam given by the City to determine eligibility for promotion to the rank of sergeant. His eligibility was certified in November 1987. Paskvan allegedly ranked third on the eligibility list. Paskvan averred that it was the policy of Cleveland to promote from the eligibility list in the order of rank. In September 1988, all the top 18 candidates eligible for promotion, except Paskvan, were granted promotion. Paskvan was passed over in February and September 1989, and his name was then removed from the list.

*Id.* at 1234.

Paskvan alleged violation of his procedural due process, substantive due process, and equal protection rights. *Id*. at 1234–35. The Sixth Circuit affirmed the district court's dismissal of the substantive due process claim, but reversed dismissal of the procedural due process and equal protection claims. *Id*. at 1236–37. In relevant part, Paskvan argued "that the City [had] created a property interest in promotion in order of rank on the eligibility list as evidenced in its past practice of always promoting in that manner. In essence, Paskvan [was] making a waiver argument." *Id.* at 1235. The court observed there was "no *substantive* due process right involved in this claim of failure to carry out a purported understanding about promotion procedures," but that "Paskvan may have alleged sufficient facts to go forward with his claim of deprivation of *procedural* due process if the waiver argument is justified." *Id.* at 1236 (emphasis added). "We believe that Paskvan has at least arguably and sufficiently alleged defendants' course of conduct, despite discretionary rights in the 'rule of three,' to create an implied contract or mutually explicit understanding for promotion based on test scores . . . ." *Id.* at 1237.

Ultimately, after two trials, juries found for the defendants on the procedural due process claim and found for the plaintiff on the equal protection claim. *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 70 F.3d 1272, 1995 WL 696787, at *3, 1995 U.S. App. LEXIS 35535, at *9–10 (6th Cir. 1995).

Here, Daley has similarly alleged "an implied contract or mutually explicit understanding for promotion based on test scores." Daley alleges, generally, that the Police Department had a practice and policy of promoting from sergeant to lieutenant based on the highest score on the Exam. Compl. ¶ 15. Daley supports this conclusion with two important factual allegations. First, he alleges that after he sat for the Exam in July 2011, until the policy change in May 2013

(and the first subsequent promotions in August 2013), several sergeants were promoted in order of their scores on the Exam, not the rule of three. Compl. ¶¶ 19–26. Second, Daley alleges that the City's Director of Public Safety, Defendant Flask, stated that the Police Department's practice prior to May 2013 had been to not to follow the rule of three in promotions. Compl. ¶ 26.

Defendants ask the Court to apply the reasoning from this Court's earlier decision, *Sadie v. City of Cleveland*, which upheld the mandatory retirement of police officers under a City ordinance. No. 1:10 CV 822, 2012 WL 10520, 2012 U.S. Dist. LEXIS 386 (N.D. Ohio Jan. 3, 2012), *aff'd*, 718 F.3d 596 (6th Cir. 2013). However, *Sadie* is inapposite for at least three reasons. Most importantly, *Sadie* did not involve an equal protection claim, rather the Court "determined that the retirees' forced retirements did not violate the age discrimination statutes because the retirees failed to satisfy their burden in disproving the City's claim that the retirement ordinance is a permissible retirement plan under 29 U.S.C. § 623(j). [The Court] also held that the retirees' forced retirements did not violate the Equal Protection Clause because their retirements were rationally related to the Police Department's budget concerns." *Sadie*, 718 F.3d at 599. Second, *Sadie* was decided on a motion for summary judgment and involved the evaluation of substantial evidence not available here, upon consideration of the instant Motion to Dismiss. Third, *Sadie* related to the exercise of discretion within a standing policy framework, whereas Daley appears to be claiming a shift from one policy to a different policy.

Defendants' reliance on *Shirokey v. Marth*, 585 N.E.2d 407 (1992), for their claim that "the Ohio Supreme Court has emphasized 'Section 1983 and the Fourteenth Amendment do not provide a cognizable remedy to claimants who merely alleged they have failed to receive a job

promotion.'" is also misguided. Defendants have materially (as well as immaterially) misquoted the *Shirokey* syllabus which says, "Section 1983, Title 42, U.S.Code and *the substantive due process protections guaranteed by* the Fourteenth Amendment do not provide a cognizable remedy to claimants who merely allege they have failed to receive a job promotion." *Shirokey v. Marth*, 585 N.E.2d at 408 (emphasis added). Substantive due process protections are not at issue in this case and are distinct from the procedural due process protections claimed by Daley. *See, e.g.*, *Paskvan*, 946 F.2d at 1235–36. In fact, *Shirokey* goes on to say, "Most, if not all, state-created contract rights, while assuredly protected by procedural due process, are not protected by substantive due process." *Id.* at 411 (quoting *Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990)).

In sum, Daley's Complaint alleges sufficient facts, if accepted as true, to plead deprivation of a protected property interest.

### B. Daley Fails to Allege Inadequate Process

Conversely, Daley has not alleged that Defendants afforded him inadequate procedural rights related to the deprivation of the property interest.

"Once it is determined that due process applies, the question remains what process is due. . . . . [N]ot all situations calling for procedural safeguards call for the same kind of procedure." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). In determining whether a government entity afforded adequate process prior to and following an alleged deprivation, a court considers several factors: the private interest that will be affected by the official action, the risk of an erroneous deprivation, the probable value of additional or substitute procedural safeguards, and the government's interest, including the function involved and the fiscal and administrative burdens

that the additional or substitute procedural requirement would entail. *Shoemaker v. City of Howell*, 795 F.3d 553, 559 (6th Cir. 2015). "When making this determination, the most important consideration to bear in mind is that the fundamental requirement of the Due Process Clause is the opportunity to be heard and it is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Ramsey v. Bd. of Educ. of Whitley Cty., Ky.*, 844 F.2d 1268, 1272 (6th Cir. 1988) (internal quotation marks omitted).

Generally, the state must "provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest." *Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir.2005). However, "[i]n some cases, postdeprivation review may possibly be sufficient, and no predeprivation process is required." *Leary v. Daeschner*, 228 F.3d 729, 743 (6th Cir. 2000). *Leary* elaborates on this exception,

> In *Ramsey*, this court noted that state postdeprivation procedures are sufficient, and neither a predeprivation hearing nor a federal cause of action is necessary, when the property interest at stake is a "specific benefit, term, or condition of employment," the loss of which is easily quantified, rather than the "tenured nature of the employment itself." The benefit lost in Ramsey was the right to compensation for a number of unused accumulated sick-leave days provided for by the plaintiff's employment contract. Since the plaintiff could sue under her employment contract, and the value of the property interest lost was clearly definable and quantifiable, this court held that a state-law breach of contract action would provide the plaintiff with sufficient due process.

*Leary*, 228 F.3d at 743 (citations omitted). In contrast to *Ramsey*, the *Leary* court determined that involuntary geographical transfer warranted pre-deprivation process because it "carries with it significant costs for the transferee, including stigma, loss of professional esteem, and the difficulty of rebuilding relationships and professional status." *Id.*

Here, Daley alleges almost nothing regarding what process may have been afforded him.

-9-

Though it is far from explicit, based on the allegations regarding the unilateral nature of Flask's change in policy and the continued eligibility letters received until the expiration of Daley's score on the Exam, the Court may be able to infer that Daley was afforded minimal or no pre-deprivation process.  However, this is far from clear and does not address post-deprivation process whatsoever.

Importantly, Daley's protected interest appears to fall clearly within the exception to pre-deprivation process discussed in *Ramsey*.  Daley alleges the City improperly failed to promote him and seeks "[p]ast and future economic and non-economic compensatory damages, consequential damages, liquidated damages, incidental damages, lost pay, back pay, future pay and lost benefits." Compl. 10.  It is not alleged that Daley's employment was terminated, that his pay was reduced, that he was transferred, that he incurred any expense, or that he suffered any other immediate or incurable harm.  There is no urgency to this alleged harm which would suggest post-deprivation process would provide inadequate opportunity to be heard at a meaningful time and in a meaningful manner, very much like any other "specific benefit, term, or condition of employment," as described in *Ramsey*.

While alleging a failure to provide adequate process may be difficult, it is not impossible.  *Paskvan* is, again, a meaningfully example.  There, though the court does not go into detail about Paskvan's assertions regarding processMarch 28, 2016, it noted that "[Paskvan] claims . . . 'no adequate post-deprivation' remedy available in the face of defendants' refusal to give a reason for their actions. . . . Paskvan plainly alleges . . . the lack of an adequate state remedy." *Paskvan*, 946 F.2d at 1236.  Conversely, Daley's Complaint is silent as to what process was or was not provided or made available to him.  In fact, although Defendants raised and argued the issue of

adequacy of process in their Motion to Dismiss, Daley did not argue the issue or otherwise discuss inadequacy of process in his Response brief, apparently conceding—or at the very least disregarding—an essential element of his procedural due process claim.

To sum up, "[i]n a procedural due process case under section 1983, the plaintiff must attack the state's corrective procedure as well as the substantive wrong. In the instant case the plaintiff has neither alleged nor shown any significant deficiency in the state's remedies." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983).

## IV. Conclusion

Because Daley has not properly alleged process deficiency, Daley has not stated a procedural due process claim upon which relief can be granted. Accordingly, the Court grants Defendants' Motion to Dismiss, Doc #: 4, and dismisses the instant case without prejudice.

While it is certainly not clear to the Court that Daley will be able to allege facts sufficient to address the deficiencies in the Complaint, because the Complaint is essentially silent as to process, it is also not clear to the Court that Daley's claim is *necessarily* futile. *See* Fed. R. Civ. P. 15(a)(2); *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015). However, Daley has neither requested leave to amend nor alleged, in his Response brief, any additional facts which, if added to his Complaint, might properly allege inadequate process. Thus, given the absence both motion and factual refutation, the Court is disinclined to *sua sponte* grant leave to amend.

Accordingly, the above-captioned case is dismissed without prejudice and is closed.

**IT IS SO ORDERED.**

    *Dan A. Polster    March 28, 2015*
    **DAN AARON POLSTER**
    **UNITED STATES DISTRICT JUDGE**